UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA MORWAY,

       Plaintiff,

                                            CASE NO. 11-cv-13529
v.                                      HONORABLE GERSHWIN A. DRAIN

MSD CONSUMER CARE, INC., *et al.*,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS [#20] AND SETTING APRIL 17, 2013 STATUS CONFERENCE AND HEARING

The instant action arises out of Plaintiff's injury and adverse chemical reaction from Defendants' footwear which allegedly contains paraphenylenedia-mine (PPDA), a hazardous substance under 15 U.S.C. § 1261 *et. seq.* Presently before the Court is Plaintiff's Motion to Compel Production of Documents, filed on February 27, 2013. Defendants filed a Response on March 11, 2013. The Court has ordered resolution of this matter pursuant to E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Compel Production of Documents. The Court also ORDERS the parties to appear for a status conference and hearing on Plaintiff's request for attorney fees and costs on April 17, 2013 at 2:30 p.m.

This action has been pending for more than a year and the parties have yet to complete discovery. Defendants removed this action on August 12, 2011. The original scheduling order set a discovery deadline date of May 16, 2012. On October 5, 2012, the Court amended the scheduling order extending discovery cutoff to April 3, 2013. In December of 2012, this matter was reassigned to the undersigned.

In the present motion, Plaintiff asserts that she served requests for production on February 12, 2012, and Defendants have failed to produce any of her requested discovery. Plaintiff argues that she cannot take meaningful testimony from Defendants' representatives without the requested documents, causing her to postpone the representatives' noticed depositions. Plaintiff also seeks an order enjoining Defendants from deposing her experts until she receives responses to her discovery requests. Lastly, Plaintiff seeks her reasonable attorney fees and costs incurred as a result of bringing the instant motion pursuant to Fed. R. Civ. P. 37(a)(5)(A)("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion,. . . or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

In their Response, Defendants admit that they have requested and received numerous extensions from Plaintiff due to the difficulties they have experienced obtaining the requested documents from China, where the subject footwear was manufactured. However, Defendants also claim that they have not responded to Plaintiff's document requests because the parties agreed to put discovery "on hold" to conduct settlement negotiations. When these discussions failed, Defendants resumed discovery and served their answers to Plaintiff's interrogatories.

As an initial matter, the Court notes that the parties are always encouraged to engage in settlement negotiations throughout the pendency of an action. However, such discussions do not serve to stay or otherwise toll the parties obligations to engage and cooperate in the discovery process. Here, Plaintiff is entitled to complete responses to her discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure. Defendants' argument that much of the information sought is irrelevant to her claims is an argument that should have been timely presented in an

objection to her requests. *See* Fed. R. Civ. P. 34(b)(2)(A) and (B).

Accordingly, the Court GRANTS Plaintiff's Motion to Compel [#20].

IT IS ORDERED that Defendants shall provide full and complete disclosure of documents requested in Plaintiff's First Request to Produce Documents on or before April l5, 2013.

IT IS FURTHER ORDERED that Defendants shall produce designated representatives for deposition within thirty (30) days from the date of this Order.

IT IS FURTHER ORDERED that Defendants are hereby enjoined from deposing Plaintiff's experts until they have complied with the discovery deadlines set forth in this Order.

IT IS FURTHER ORDERED that the Court will conduct a hearing on Plaintiff's request for attorney fees and costs on April 17, 2013 at 2:30 p.m. Plaintiff SHALL file a statement and documents supporting her request for attorney fees and costs no later than April 10, 2013.

IT IS FURTHER ORDERED that a status conference will be held after the hearing.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: April 8, 2013

3