UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA MORWAY,

        Plaintiff,

                                                  Case No. 11-cv-13529
                                                  Honorable Gershwin A. Drain

v.

MSD CONSUMER CARE, INC., *et al.*,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#52]**

On August 14, 2013, this Court entered an Order denying Defendants' Motion for Summary Judgment. *See* Dkt. No. 50. The Court's Order found in relevant part that a hazardous substance is defined as "a strong sensitizer" that "may cause substantial personal injury or substantial illness . . . ." Dkt. No. 50 at 7. The Court rejected Plaintiff's argument that any products consisting of paraphenylendiamine ("PPDA") are hazardous substances within the meaning of the Federal Hazardous Substances Act requiring warning labels. *Id*. In the present motion, Plaintiff asks the Court to reconsider its decision that a question of fact exists as to whether all products containing any amount of PPDA are hazardous substances that require labeling.

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted.

-1-

> The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). Here, Plaintiff merely re-raises the same arguments already considered and rejected by this Court. Plaintiff identifies no palpable defect by which this Court has been misled, the correction of which will result in a different disposition of this Court's August 14, 2013 Order denying Defendants' Motion for Summary Judgment.

As the Court already determined, and contrary to Plaintiff's argument, the Commission did not classify PPDA and all products containing it to be hazardous substances which require labels. Rather, the Commission has determined that PPDA and products containing it are strong sensitizers. Plaintiff again asks the Court to ignore the second part of the definition of hazardous substance under the Act, specifically that the strong sensitizer "cause substantial personal injury or substantial illness during or as a proximate result of any customary and foreseeable handling or use . . . ." 15 U.S.C. § 1261(f)(1)(A). In finding that PPDA and products containing it are strong sensitizers, the Commission determined that "upon consideration of the frequency of occurrence and severity of the reaction, . . . the substance has a significant potential for causing hypersensitivity." This is not the same as determining that the substance "may cause substantial personal injury or substantial illness" which is required before finding that a substance is hazardous under the Act. *Id.* The Court's conclusion is consistent with the Congressional intent in passing the legislation:

> The term "strong sensitizer" is defined and would require a finding by the Secretary that a substance is a strong sensitizer within the meaning of the bill before such substances would be subject to the law. Some portion of the population is sensitive in one way or another to almost every article that enters the household, including foods and household soap. To require precautionary labeling on all such products is not intended. *Precautionary labeling would be required under this bill on any substance which affects a significant portion of the population and which may cause a strong or severe reaction, if after a finding by the Secretary that he substance*

>   *had a significant potential for causing hypersensitivity.*

*See* U.S. Senate, Committee on Interstate and Foreign Commerce, Federal Hazardous Substances Labeling Act, p. 11 (S. Rpt. 1158, 86th Congress, 2d Session), February 8, 1960 (emphasis added).

Accordingly, Plaintiff's Motion for Reconsideration [#52] is DENIED.

SO ORDERED.

Dated: <u>September 3, 2013</u>                               <u>/s/Gershwin A Drain              </u>
                                                              GERSHWIN A. DRAIN
                                                              UNITED STATES DISTRICT JUDGE